Cartter, Ch. «J.,
delivered the opinion of the court orally :
The prayer of the bill in this cause is, in substance, that the District Commissioners be restrained from carrying an act of Congress into effect. The particular section of the act objected to provides for water rates in Georgetown the same as those imposed upon the consumers in the city of Washington. The act of March 3, 1859, respecting the care and preservation of the Potomac water-works, contained a clause for bringing the water into both cities for the benefit of the inhabitants, and authorizing the corporations to make all. laws and regulations for the proper distribution of the water, provided that no expense should devolve upon the United States in consequence of such distribution. They were to regulate the use of the water, and fix rates and rents therefor and enforce their collection. The city of Georgetown made such distribution and issued water stock therefor, which was paid by a direct tax upon the property on the streets along which the water mains were laid. The city of Washington incurred a debt for such distribution, which was to be defrayed by funds derived from water rates, in conformity with the act of March, 1859; and it is now claimed by the complainant, a citizen of Georgetown, who has paid the tax upon his property for laying the mains in that city, that he is entitled to the use of the water free of any rate or charge to be paid for the purpose of defraying the current expenses; and he insists that he is entitled to this exemption by reason of a contract growing out of these circumstances, and that any burden imposed by act of Congress upon him for the use of the Potomac water impairs the obligation of said contract, and is unconstitutional and void. The difficulty about this extraordinary claim is, that there is no contract, and nothing that by any possibility can be tortured into such a contract. The *472 language employed by General Meigs in his report, that the citizens would, at the expiration of four years, when the mains were paid for, “have water free forever,” gives no immunity from the common obligation to pay for the expenses of maintaining the supply of water, and is as far as possible from raising the solemn covenant of a contract in favor of any one as against the United States. General Meigs was not constituted superintendent of the works for any such purpose, and never imagined he was committing the government to the non-user of its taxing power for all time to come.
The laying of the mains was a provision for getting the water where it could be used; but the rates provided for in the act of 1876 are to meet the incidental expenses of keeping up the. supply of water, for preserving the works from waste and destruction. The government supplied the works, and tendered to both cities, without price, all the water necessary for the use of their inhabitants. The only condition imposed in this donation was, that the corporations should discharge the cost of the distribution, and the expenses incident to maintaining the means of distribution in working order. It is just and equitable that both cities should share in this expense in proportion to the use they make of these benefits and privileges.
The conclusion of the court is that the bill be dismissed.